UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No: 1:22-cv-03474 |
| ) | |
| v. ) | |
| ) | |
| LLOYD AUSTIN, III, SECRETARY, ) | |
| DEPARTMENT OF DEFENSE, ) | |
| (DEFENSE INTELLIGENCE ) | |
| AGENCY) ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff, Jane Doe, by and through the undersigned counsel, hereby moves to file her complaint of employment discrimination against Defendant under a pseudonym

## ARGUMENT

While Federal Rule of Civil Procedure 10(a) requires plaintiffs to identify all parties' names in a complaint, the court has the discretion to allow a plaintiff to proceed under a pseudonym in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F.Supp.2d 90, 99 – 100 (D.D.C. 2008) (citations omitted).  In determining whether it is appropriate for a court to allow a plaintiff to litigate her case under a pseudonym, the court "should consider the impact of the plaintiff's anonymity on the public interest in open proceedings and on fairness to the defendant." *Id*. at 99.  Courts typically consider the following

factors:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014). "When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F.Supp.2d 90, fn. 9 (D.D.C. 2008) (citations omitted).

This case is similar to *Bird v. Barr*, Civil Action No. 19-cv-1581, 2019 WL 2870234 (D.D.C. 2019). In *Bird*, a group of plaintiffs who were employed as New Agency Trainees and Intelligence Analyst Trainees sued the DOJ for sexual harassment, but sought to do so anonymously because the nature of their work required them to remain anonymous and minimize public exposure. *Id*. This Court found that all but one of the plaintiffs could proceed under a pseudonym in their litigation against the Department of Justice because their safety and careers could be jeopardized if their names were to be revealed. The court also explained that the defendant in *Bird* was not prejudiced because the plaintiffs had already disclosed their identities to the defendant during the administrative processing of their discrimination complaints. *Id*. at 6.

In the instant case, Plaintiff's privacy interests outweigh the public's interest in open proceedings and do not unduly prejudice Defendant. Disclosing Plaintiff's identity exposes her and her family to the very real risk of physical harm; it would also jeopardize Plaintiff's ability

to maintain her career in the intelligence community. Plaintiff served as a Human Intelligence (HUMINT) Intelligence Officer in the clandestine operations division of the Defense Intelligence Agency. Plaintiff worked anonymously in this capacity, operating under a pseudonym to protect her identity and the identities of her family members and loved ones. Plaintiff's duties in this role involved participating in clandestine operations in hostile foreign nations, and operating on behalf of the United States, with a particular focus on nations adversarial to the U.S. Several similarly-situated individuals in similar roles did not return from their assignments. It is known practice within the intelligence community that hostile foreign actors will scour U.S. court records for the names of individuals who served in these roles on behalf of the DIA, CIA and other Intelligence Community agencies. Should foreign adversaries learn Plaintiff's name, Plaintiff will not be able to operate effectively in the defense industry at all because she would be unable to perform the aforementioned duties that are part of the role – which would be detrimental to national security. Further, Plaintiff and her loved ones would be in immediate danger of retaliation, including potential capture, ransom, abduction, or death.

Based on the foregoing, the Court should grant Plaintiff's request to proceed under a pseudonym.

## CONCLUSION

WHEREFORE, Plaintiff hereby requests that the Court GRANT her Motion to Proceed Under Pseudonym. A proposed Order is enclosed.

RESPECTFULLY SUBMITTED,

ALAN LESCHT AND ASSOCIATES, P.C.

/s/ *N. Campbell*

Ari Wilkenfeld [Bar No. 461063]
Alan Lescht & Associates, P.C.
1825 K Street NW, Suite 750
Washington, DC 20006
Tel (202) 315-1738
Fax (202) 463-6067
nekeisha.campbell@leschtlaw.com
ari.wilkenfeld@leschtlaw.com
*Counsel for Plaintiff*