**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JANE DOE, | : | | |
| | : | | |
| *Plaintiff*, | : | Civil Action No.: | 22-3474 (RC) |
| | : | | |
| v. | : | Re Document No.: | 7 |
| | : | | |
| LLOYD AUSTIN, III, | : | | |
| Secretary of Defense, | : | | |
| | : | | |
| *Defendant*. | : | | |

<u>**MEMORANDUM OPINION**</u>

**GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

**I.  INTRODUCTION**

Plaintiff, a former intelligence officer for the Defense Intelligence Agency, moves to proceed pseudonymously in this action bringing claims largely under Title VII of the Civil Rights Act of 1964 against Defendant Lloyd Austin in his official capacity as Secretary of Defense ("Defendant").  Plaintiff alleges she suffered discrimination based on her race and national origin, retaliation for protected activity, and a hostile work environment, as well as a violation of due process when her security clearance was reconsidered without her participation. Plaintiff moves to proceed under pseudonym because she worked anonymously in her intelligence role, and because disclosure of her identity could impair future work in the defense industry and crucially, place her and her loved ones at risk of retaliation and violence from hostile foreign actors.  Defendant opposes, saying that Plaintiff has not met her burden of showing she deserves to proceed anonymously.  For the reasons stated below, the Court will grant the motion to proceed under pseudonym.

## II.  BACKGROUND

Plaintiff served as an intern, and then as a full-time "Human Intelligence (HUMINT) Intelligence Officer," in the clandestine operations division of the Defense Intelligence Agency, a subagency of the Department of Defense, from March 28, 2011 through October 15, 2014. Pl.'s Decl. ¶ 3, ECF No. 7-1; First Am. Compl. ("Am. Compl.") ¶¶ 12, 63, ECF No. 16.  This position "involved participating in clandestine operations in hostile foreign nations, and operating on behalf of the United States, with a particular focus on nations adversarial to the U.S."  Pl.'s Decl. ¶ 4.  Plaintiff worked "anonymously in this capacity, operating under a pseudonym to protect [her] identity and the identities of [her] family members and loved ones." *Id.* ¶ 3.  Plaintiff is Chinese American by ethnicity, and a naturalized United States citizen who previously held but renounced her United Kingdom citizenship.  Am. Compl. ¶¶ 2, 25.

Plaintiff alleges that the Agency targeted her based on her race and national origin, and in retaliation for engaging in protected activity.  *Id.* ¶ 2.  For example, Plaintiff alleges that after she returned to work from a pre-authorized vacation to Jamaica, where she participated in a beauty pageant, an Agency security official interrogated her about her trip and asked her to take a polygraph.  *Id.* ¶¶ 14–18.  The polygraph was followed by further meetings, including an Agency official's insistence that Plaintiff write a Statement of Allegiance to the United States, even though Agency policy only required dual citizens to write such statements.  *Id.* ¶¶ 19–23, 25–26. Plaintiff alleges the Agency also took discriminatory action against her for participating in gatherings with other Asian American intelligence professionals.  *Id.* ¶¶ 31–32.  After Plaintiff filed an informal complaint of discrimination with the Agency's Equal Employment Office, the harassment and discrimination against Plaintiff persisted, with more meetings, polygraphs, and a counterintelligence risk assessment of Plaintiff.  *Id.* ¶¶ 34–46.  Indeed, Plaintiff alleges that many

of these events were in retaliation for her complaint. *Id.* ¶¶ 37–41. Plaintiff names one specific security official as a driving force in the discrimination and retaliation, *id.* ¶ 36, but also alleges involvement by numerous others and a continuously hostile work environment. *Id.* ¶¶ 44, 49.

In the end, Plaintiff was involuntarily and indefinitely suspended, had her security clearance revoked, and was eventually removed from federal service. *Id.* ¶¶ 55–65. Plaintiff alleges that knowingly inaccurate accusations about her conduct and foreign influence were used as a pretext to cover up discrimination and retaliation. *Id.* Plaintiff also alleges that Defendant continued to interfere with her employment prospects and her ability to obtain a security clearance. *Id.* ¶ 64. Although these allegations are absent from the amended complaint, Plaintiff's declaration attached to her reply in support of this motion alleges that "while Plaintiff ceased to work for Defendant nine years ago, Plaintiff has worked in roles that involve sensitive national security information, including 4.5 years in the Army Reserves and 5.5 years for government contractors." Pl.'s Reply Further Support Motion Proceed Under Pseudonym ("Pl.'s Reply") at 2, ECF No. 15 (citing Pl.'s Reply Decl. ¶ 1, ECF No. 15-1). Like during her time with the Agency, she uses a pseudonym in those roles. *Id.* In 2023, Plaintiff received notice that "a request for reconsideration of the revocation of her security clearance had been denied" and alleges she did not receive proper procedural protections related to this reconsideration. Am. Compl. ¶ 65. Plaintiff now brings four counts against Defendant: disparate treatment based on her race and national origin (Count I); hostile work environment based on her race and national origin (Count II); unlawful retaliation based on her protected EEO activities (Count III); and a due process claim based on the revocation of her security clearance (Count IV). *Id.* ¶¶ 70–81.

Plaintiff filed her original complaint in this action on November 11, 2022. *See* Compl., ECF No. 1. Plaintiff's initial Motion to Proceed Under Pseudonym, ECF No. 2, was presented to

then-Chief Judge Beryl Howell, who granted the motion "subject to any further consideration by the United States District Judge to whom this case is randomly assigned."  Mem. & Order, Nov. 14, 2022, at 1, ECF No. 3.  In granting the motion, the court emphasized that "[a]ny general presumption in favor of open proceedings or public interest in disclosing plaintiff's identity is significantly outweighed by the highly sensitive nature of the information implicated and the personal security risk that plaintiff, her loved ones and other non-parties could face if the information were made public."  *Id.* at 7.

After the case was assigned to this Court, Plaintiff again moved to proceed under pseudonym.  *See* Pl.'s Mot. Proceed Under Pseudonym, ECF No. 7.  Defendant has responded and the motion is ripe for decision.  *See* Def.'s Opp. Mot. Proceed Under Pseudonym, ECF No. 13; Pl.'s Reply.

## III.  LEGAL STANDARD

Plaintiffs generally must proceed by name.  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  This rule promotes a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sent'g Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts

involved, including the identities of the parties." *Id.* at 326 (internal quotation marks omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (per curiam) (D.C. Cir. 1995)).

Nonetheless, in special circumstances, courts may permit a party to proceed anonymously. A party seeking anonymity "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

This "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. A court must not simply "engage in a wooden exercise of ticking the five boxes." *In re Sealed* Case, 931 F.3d at 97. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and

constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft*, 56 F.3d at 1463 (quoting *James*, 6 F.3d at 238) (other internal citations and quotation marks omitted)).

## IV.  ANALYSIS

Plaintiff has shown that her privacy interests, which stem from a serious risk of retaliation from foreign actors if her identity is revealed, are greater than any unfairness to Defendant and override the public interest in open judicial proceedings.  The Court will therefore continue to allow her to proceed under pseudonym.

The first factor weighs in favor of Plaintiff.  Plaintiff's justification for proceeding pseudonymously is not to "avoid the annoyance and criticism that may attend any litigation" but to "preserve privacy in a matter of sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97 (citing *James*, 6 F.3d at 238).  The D.C. Circuit has emphasized that the first factor "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." *In re Sealed Case*, 971 F.3d at 327.  Plaintiff's asserted interests do not neatly line up with these types of issues, which seem to focus on matters that would be potentially embarrassing, traumatic, or that otherwise impede on an individual's personal life. *Cf. Doe v. Bogan*, 542 F. Supp. 3d 19, 23 (D.D.C. 2021) (emphasizing the "sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors" language when analyzing the first factor) (quoting *In re Sealed Case*, 931 F.3d at 97).  But even though Plaintiff's identity as a covert U.S. intelligence officer does not exactly match such topics, it is surely sensitive and highly personal.  Given that the D.C. Circuit has emphasized that the appropriate inquiry is "flexible and fact driven," *In re Sealed Case*, 971 F.3d at 326, and also that the five factors are "non-exhaustive" anyway, *id,* the

Court is comfortable finding that Plaintiff's interests move the first factor in her favor.  *See*
Mem. & Order, Nov. 14, 2022 (finding that first factor favors Plaintiff).

Relatedly, the second factor strongly weighs toward allowing Plaintiff to proceed under
pseudonym.  Plaintiff requests a pseudonym not because of her discrimination claims against
Defendant, but because of her sensitive role as a Defense Intelligence Agency intelligence
officer: a role where she was required to operate under pseudonym.  Pl. Decl. ¶ 3.  If her identity
is now revealed in this litigation, Plaintiff may draw the attention of hostile foreign actors.
*Id.* ¶ 5.  Accordingly, Plaintiff and her loved ones would be in immediate danger of retaliation,
capture, ransom, abduction, or death.  *See id.* ¶¶ 5–6.  The collateral damage could go even
further.  Because Plaintiff worked under a pseudonym in her Agency position, *id.* ¶ 3, revealing
her identity as a secret U.S. intelligence officer may endanger any persons she associated with in
that role.  This interest has previously justified the use of a pseudonym.  *See, e.g.*, *Peary v. Goss*,
365 F. Supp. 2d 713, 716 n.1 (E.D. Va. 2005) (noting that the plaintiff, a former CIA officer,
"has adopted a pseudonym for the purpose of this litigation to preserve CIA operational
security").  Thus, releasing Plaintiff's name would "pose[] a risk of retaliatory physical or mental
harm to the requesting party or[,] even more critically, to innocent non-parties."  *In re Sealed
Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).

In another issue that the parties seem to group under the second factor, Plaintiff also
alleges that she will suffer additional harm because she continues to work in support of the U.S.
intelligence community in roles that require a pseudonym.  Pl.'s Reply Decl. ¶¶ 1–2.  The Court
agrees that this action resembles *Bird v. Barr*, No. 19-cv-1581, 2019 WL 2870234 (D.D.C. July
3, 2019), where a group of plaintiffs who were employed as New Agency Trainees and
Intelligence Analyst Trainees sought to sue the Department of Justice anonymously because the

nature of their work required them to remain anonymous and minimize public exposure.  *Id.* at *1.  The Court allowed all but one of the plaintiffs to proceed under pseudonym because their safety and careers could be at risk if their names were to be revealed.  *Id.* at *5.  This interest, too, favors allowing Plaintiff to proceed under pseudonym.

The third and fourth factors slightly weigh against allowing Plaintiff to proceed under pseudonym.  For the third factor, Plaintiff is an adult and does not allege that any minors would be at risk if her identity is revealed.  *See id.* (considering "the ages of the persons whose privacy interests are sought to be protected"); *see generally* Am. Compl.  And regarding the fourth factor, "there is a heightened public interest when an individual or entity files a suit against the government."  *In re Sealed Case*, 971 F.3d at 329.  Still, while Plaintiff alleges that she suffered from pervasive discrimination during her employment with the government, this is not a case where "the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward."  *Id.* (observing that the public interest is "intensified" in such circumstances).  Defendant notes that Plaintiff has identified one Defense Intelligence Agency employee by name and alleged that her conduct was racially discriminatory.  *See* Am. Compl. ¶ 46.  Because Plaintiff seeks to enjoy the protection of a pseudonym while lobbing accusations at others, and because the public generally has an interest in the full details of litigation against the government, the fourth factor moderately tilts toward disclosure.  *See Doe v. Rogers*, 12-cv-1229 (TFH), 2023 WL 1470007, *3 (D.D.C. Feb. 2, 2023) ("the plaintiff disparages government employees while proceeding pseudonymously. . . [t]his factor thus weighs in favor of disclosure.").

Lastly, the fifth factor favors Plaintiff because Defendant would suffer no "risk of unfairness" if Plaintiff's motion were granted.  *See In re Sealed Case*, 931 F.3d at 97 (quoting

*James,* 6 F.3d at 238).  Plaintiff has provided Defendant with her identifying information in a sealed declaration; allowing her to proceed anonymously will not harm Defendant's ability to defend this action.  *See Bird,* 2019 WL 2870234, at *6 (finding that fifth factor favored proceeding under pseudonym when plaintiffs had already disclosed their identities to the defendant in discrimination complaints).  And as Plaintiff notes, Defendant itself faces potential harm to its operations and employees if Plaintiff's identity is disclosed, illustrated by how Defendant previously sought to keep her identity secret.  *See* Ex. B, Pl.'s Reply, April 3–9, 2014 email chain (discussing efforts to protect Plaintiff's identity in EEOC case), ECF No. 15-2.

All in all, the risk of harm to Plaintiff and others is decisive and outweighs "countervailing interests in full disclosure*." In re Sealed Case*, 931 F.3d at 96.  While the public interest in open proceedings is mighty, Plaintiff has shown that disclosing her identity could spur hostile foreign actors to target, injure, or even kill her or others.  To avoid this outcome, and in light of Defendant's modest opposing interests, the Court will allow Plaintiff to proceed under pseudonym.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 7). is **GRANTED.**  It is hereby:

**ORDERED** that Plaintiff may proceed with the case using the pseudonym "Jane Doe"; and it is

**FURTHER ORDERED** that Defendant is prohibited from publicly disclosing Plaintiff's identity or any personal identifying information that could lead to the identification of Plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Amended

Complaint and for preparing any responses or motions, and Defendant may not include

Plaintiff's name in any pleadings.

**SO ORDERED.**

Dated:  February 29, 2024                                      RUDOLPH CONTRERAS
                                                              United States District Judge