UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>LLOYD AUSTIN, III, in his official capacity as Secretary of Defense<br><br>    Defendant. | Civil Action No. 22-3474 (RC) |

### JOINT REPORT OF LOCAL CIVIL RULE 16.3 CONFERENCE

Pursuant to the Court's Minute Order Dated March 22, 2024, Federal Rule of Civil Procedure ("Rule") 26(f), and Local Civil Rule ("LCvR") 16.3, Plaintiff Jane Doe ("Plaintiff") and Defendant, Lloyd Austin, in his official capacity as Secretary of Defense ("Defendant"), have conferred regarding the matters required by the foregoing authorities and respectfully submit the following joint statement and proposed order.

**I. BACKGROUND**

Plaintiff has instituted this action seeking to challenge her termination by the Defense Intelligence Agency on October 15, 2014.

On November 11, 2022, Plaintiff filed her Complaint (ECF No. 1). On March 9, 2023, Defendant filed a Partial Motion to Dismiss (ECF No. 12). Plaintiff filed an Amended Complaint on March 23, 2023 (ECF No. 16). Defendant filed a Partial Motion to Dismiss the Amended Complaint on April 6, 2023 (ECF No. 18). Plaintiff filed an Opposition on May 4, 2023 (ECF No. 22), and Defendant filed a Reply on May 23, 2023 (ECF No. 24).

On February 29, 2024, the Court issued an Order and Memorandum Opinion (ECF Nos. 27 and 28) dismissing Count IV (a due process claim) and Count I insofar as it concerns actions that were not administratively exhausted.

### PLAINTIFF'S STATEMENT

Plaintiff alleges Defendant discriminated and retaliated against her when it subjected her to hostile work environment and terminated her employment in violation of Title VII of the Civil Rights Act of 1964.

### DEFENDANT'S STATEMENT

Defendant denies that it ever discriminated or retaliated against Plaintiff or subjected her to a hostile work environment in violation of Title VII.  To the extent that Defendant took any adverse employment actions against Plaintiff, Defendant took those actions for legitimate non-discriminatory and non-retaliatory reasons.

**II.     LCVR 16.3(C) TOPICS**

The Parties take the respective positions with regard to the topics and issues addressed in Local Civil Rule 16.3(c), and Federal Rule of Civil Procedure 26(f)(3), as follows:

1.     <u>Resolution by Dispositive Motion</u>: Defendant believes that this case may be resolved through dispositive motions and anticipates filing a motion for summary judgment at the close of discovery.  Plaintiff does not anticipate filing a dispositive motion.

2.     <u>Amendment of Pleadings/Stipulations</u>: The Parties do not presently anticipate further amendments to pleadings or that any other parties will be joined.  The Parties also do not anticipate being able to engage in meaningful discourse as to factual or legal stipulations until discovery is complete or substantially complete.

3. <u>Assignment to a Magistrate Judge</u>: Defendant consents to this case being assigned to a magistrate judge for purposes of discovery.  Plaintiff does not consent to this case being assigned to a magistrate judge any purpose.

4. <u>Settlement</u>: The Parties will assess the possibility of settlement as litigation in this case progresses.

5. <u>Referral for Settlement Conference</u>: The Parties will assess the possibility of settlement as litigation in this case progresses and will request to have the case referred to mediation if they believe that mediation is reasonably likely to result in resolution of the case.

6. <u>Resolution on Summary Judgment</u>:  Defendant anticipates filing a motion for summary judgment and believes that this case may be resolved by summary judgment.

7. <u>Initial Disclosures</u>: The Parties agree to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) and Local Civil Rule 26.2(a) on May 6, 2024.

8. <u>Discovery</u>:

   A. The Parties respectfully request 9 months to complete discovery in this case. The Parties request that discovery begin on April 4, 2024 and end on January 3, 2025.

   B. The Parties ask that each party be limited to 30 interrogatories, 30 requests for production of documents, 30 requests for admission, and 7 depositions.

   C. Regardless of the limits that the Court sets, one or both parties may seek leave from the Court to increase these limits, with the other party preserving its right to object.

   D. The Parties believe that a protective order may be necessary and, in discovery, will confer as to such need.  If the Parties determine a protective order is

required, they will file with the Court a motion for entry of a stipulated proposed protective order.

   E. The Parties agree to accept service of discovery requests and responses thereto, including documents responsive to discovery requests, electronically via e-mail, if practicable. The parties will confer in good faith as to alternative means of service, if necessary.

   F. Discovery shall otherwise conform with the applicable Federal Rules of Civil Procedure.

  9. <u>Electronically Stored Information</u>: The Parties do not foresee any issues with the production of Electronically Stored Information ("ESI") at this time. The Parties agree to engage in ongoing meet and confer discussions if disputes arise concerning search terms or other methodology to produce information responsive to Federal Rule of Civil Procedure 34, as well as the formats in which structured and/or unstructured ESI may be produced.

  10. <u>Privilege</u>: The Parties agree that any assertions of privilege can be made in responding to discovery requests or during depositions and the Parties agree to an order by this Court under Federal Rule of Evidence 502 dealing with waiver of attorney-client privilege and inadvertent waivers. The Parties stipulate that by providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity. A party shall promptly return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action. If the inadvertently produced material is electronic, then the receiving party shall promptly delete the

material.  Further, the parties agree that communications between litigation counsel and/or their employees and their respective clients need not be disclosed on a privilege log.

    11.    <u>Expert Witnesses</u>: The parties propose that Plaintiff disclose any expert witnesses on or before June 4, 2024, and Defendant disclose any rebuttal expert witness on or before August 4, 2024.

    12.    <u>Class Action Issues</u>: Not applicable.

    13.    <u>Bifurcation</u>: The Parties, at this time, do not anticipate a need to bifurcate this matter.

    14.    <u>Date for Pretrial Conference</u>: The Parties agree that a status conference should be scheduled if this case is not entirely disposed of on summary judgment.  The Parties propose that the date for the pretrial conference be set after the Court has issued a ruling on the Parties' dispositive motions or at the Court's convenience.

    15.    <u>Trial Date</u>: The Parties agree that a trial date should be set at the pretrial conference.

    16.    <u>Other Matters</u>: None at this time.

WHEREFORE, the parties submit this Meet and Confer report, including a proposed case management schedule, regarding the matters addressed in Rule 26(f) and LCvR 16.3 for the Court's review.

    \*    \*    \*

| | |
|---|---|
| Dated: April 4, 2024 | Respectfully Submitted, |
| | |
| */s/ Ari Wilkenfeld* | MATTHEW M. GRAVES, |
| Ari Wilkenfeld [Bar No. 14006] | D.C. Bar # 472845 |
| J. Cathryne Watson [Bar No. 1032640] | United States Attorney |
| Nekeisha Campbell [Bar No. 1754385] | |
| Alan Lescht and Associates, P.C. | BRIAN P. HUDAK |
| 1825 K Street NW, Suite 750 | Chief, Civil Division |
| Washington, DC 20006 | |
| T: (202) 463-6036 | */s/ John J. Bardo* |
| Cathryne.Watson@leschtlaw.com | JOHN J. BARDO, D.C. Bar # 1655534 |
| Ari.Wilkenfeld@leschtlaw.com | Assistant United States Attorney |
| Nekeisha.Campbell@leschtlaw.com | 601 D Street, N.W. |
| | Washington, D.C. 20530 |
| *Counsel for Plaintiff* | (202) 870-6770 |
| | John.Bardo@usdoj.gov |
| | |
| | *Attorneys for the United States of America* |